UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:20-CR-00096-DCLC-CRW |
| v. | ) ) | |
| TIFFANY STROUD, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 140]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 141].

**I.  BACKGROUND**

On June 10, 2021, Defendant pleaded guilty to one count of conspiracy to distribute 5 grams or more of methamphetamine [*See* Docs. 71, 73]. Based on a total offense level of 25 and a criminal history category of III, Defendant's guideline range was 70 to 87 months [Doc. 82, ¶ 59]. The Court sentenced Defendant at the bottom of the guideline range to 70 months [Doc. 134, pg. 2]. Defendant is currently housed at FPC Alderson, and her projected release date is February 13, 2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 10, 2024). Defendant now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 140].

**II.  ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United*

*States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant is not a zero-point offender. At the time of sentencing, she received four criminal history points, none of which were status points. Accordingly, she is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 140] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker  
United States District Judge